UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | Case No. 3:02CR138(EBB) |
| v. | : | |
| | : | |
| DAVID WILSON | : | |

**UNITED STATES' MEMORANDUM REGARDING THE CRIMINAL
FORFEITURE OF THE DEFENDANT'S INTEREST IN PROPERTY**

The United States of America, by and through the undersigned Assistant United States Attorneys, hereby submits the Government's Position on Forfeiture in this case. Through this motion, the government seeks a forfeiture money judgment in the sum of $660,000, which sum constitutes the net proceeds of the defendant's drug trafficking activities. This issue will need to be resolved not later than the time of sentencing.

A. <u>Course of Proceedings</u>

On May 14, 2002, a federal grand jury returned an indictment charging defendant David Wilson, also known as "Struggle," with conspiracy to possess with intent to distribute marijuana from January 1989 continuing to in or about August 2000. The indictment also sought criminal forfeiture of all proceeds of the defendant's drug trafficking activities, including but not limited to the sum of $715,000. Defendant was arrested on July 31, 2002, and later pleaded guilty on April 3, 2003. At the time of the guilty plea, the parties agreed to resolve the matter of forfeiture at a later time. Now is that time.

B.  The Law of Forfeiture

To determine whether property is forfeitable under 21 U.S.C. § 853, the district court's only inquiry is whether the defendant used the property "in any manner or part" to commit or to facilitate a drug trafficking offense or whether the property constitutes or is derived from any proceeds the defendant obtained, directly or indirectly as a result of the drug trafficking offense. See 21 U.S.C. §853(a)(1) and (2). Criminal forfeiture is mandatory, not discretionary. See 21 U.S.C. § 853(a) (mandating that the defendant "shall forfeit" and the court "shall order . . . that the person forfeit to the United States); see also Caplin & Drysdale Chartered v. United States, 491 U.S. 617, 622-62 (1989); United States v. Bieri, 68 F.3d 232, 235 (8th Cir. 1995), cert. denied, 517 U.S. 1233 (1996).

Criminal forfeiture under 21 U.S.C. § 853 is an element of a defendant's sentence imposed following conviction, rather than a substantive element of the offense. See Libretti v. United States, 516 U.S. 356 (1995). Because forfeiture is an element of a defendant's sentence, the burden of proof on the United States is preponderance of the evidence, rather than the stricter trial standard of proof beyond a reasonable doubt. See United States v. Bellomo, 176 F.3d 580, 595 (11th Cir. 1992); United States v. Gaskin, 364 F.3d 438 (2d Cir. 2004).

The majority rule is that the United States' interest in the forfeiture of proceeds under 21 U.S.C. § 853(a)(1) is not merely limited to the defendant's profits from his drug transactions. See United States v. Boulware, 384 F.3d 794 (9th Cir. 2004) (defendant must forfeit gross proceeds); United States v. Simmons, 154 F.3d 765 (8th Cir. 1998) (forfeiture intended to punish all of those who receive income from illegal activity, not just those whose criminal activity turns a profit); United States v. McHan, 101 F.3d 1027, 1042 (4th Cir. 1996) (gross proceeds forfeitable in drug case); and United States v. Lizza Industries, Inc, 775 F.2d 492 (2d Cir. 1985) (gross proceeds

forfeitable in a RICO prosecution under § 1963, which includes forfeiture provisions that are identical to § 853). It appears that only the Seventh Circuit defines proceeds as net profits. See United States v. Jarrett, 133 F.3d 519 (7th Cir. 1998). Therefore, under the majority rule, forfeitures under 21 U.S.C. §853(a) can be based on the cash value of total amount of drugs involved in the defendant's offense. McHan, 101 F.3d at 1042-43.

An order of forfeiture may be in the form of a monetary judgment against the defendant, or may seek the forfeiture of assets directly traceable to the criminal proceeds, or it may seek substitute assets, or a combination of the above. United States v. Candelaria-Silva, 166 F.3d 19, 42 (1st Cir. 1999). The criminal forfeiture of a specific amount of money "is in personam and is a money judgment against the defendant for the same amount of money which came into his hands illegally" for the criminal violation. United States v. Conner, 752 F.2d 566, 576 (11th Cir. 1985).

In addition, it is of no consequence that a defendant no longer possesses a particular asset identified for forfeiture. The statutes specifically provide a "relation-back" provision which makes the relevant time for determining what interest in property is forfeited by the defendant the moment of "the commission of the act giving rise to the forfeiture" not the moment of the Court's entry of an order of forfeiture. See 21 U.S.C. §853(c) and 18 U.S.C. §982(b)(1)(A) (adopting the "relation back" provisions of 21 U.S.C. §853(c), among other provisions); see also United States v. Ben-Hur, 20 F.3d 313, 317 (7th Cir. 1994). Therefore, the United States' right to forfeit is "not limited to what is left over or unspent at the time of conviction, but instead includes the entire amount of what was acquired by the defendant in violation of [the law]." United States v. Ginsburg, 773 F.2d 798, 801 (7th Cir. 1985), cert. denied, 475 U.S. 1011 (1985).

Once the government obtains a forfeiture money judgment, it can forfeit substitute assets of the defendant to satisfy its judgment. Fed. R. Crim. P. 32.2(e). See also United States v. Candelaria-Silva, 166 F.3d 19 (1st Cir. 1999) (once government has obtained money judgment, it may forfeit defendant's real property in partial satisfaction of that judgment). Moreover, substitute assets may be restrained post-conviction. United States v. Numisgroup Int'l Corp., 169 F. Supp. 2d 133 (E.D.N.Y. 2001).

C.   Facts Supporting Forfeiture

In this case, the defendant pleaded guilty to conspiring to possess with intent to distribute 1000 kilograms or more of marijuana. While the evidence in this case demonstrates that the defendant actually conspired to possess with intent to distribute a much greater quantity – in excess of 3000 kilograms – for purposes of this forfeiture calculation and to limit the factual issues to be resolved by the court, the government will rely only upon the defendant's stipulation that he conspired to possess with intent to distribute at least 1000 kilograms of marijuana.

The other critical factor the court must consider is the price of the drugs. The evidence in this cases demonstrates that Wilson purchased the marijuana from sources in Arizona at prices ranging from $400 to $500 per pound. This is demonstrated at least in part by seized notes taken by Wilson while he was staying at an Embassy Suites hotel in Arizona in May 1998 during the time he negotiated for the purchase of 176 pounds of marijuana. See Exhibit A, attached to this pleading. According to Wilson's calculation, he was purchasing 100 pounds at $475 per pound, 22 pounds at $400 per pound, and 54 pounds at $500 per pound. For purposes of this motion and to avoid having the Court resolve disputed issues of fact, the government will rely upon the more conservative figure of $500 per pound.

Further, the evidence indicates that Wilson sold the marijuana that he purchased in Arizona to several different persons in Connecticut and New York. The government's evidence is that Wilson sold his marijuana to his customers at prices ranging from $850 to $1,100 per pound. The seized notes mentioned above also has the following notation "76 x 750 = 570,000." This appears to be an indication that Wilson was prepared to sell at least 76 pounds from his 176 pound Arizona purchase at $750 per pound. Moreover, agents from the DEA will be prepared to testify that the fair market value of a pound of marijuana during the conspiracy period ranged from approximately $800 to $1,000 in New York and approximately $1,200 to $1,500 in Connecticut. Again, for purposes of this motion and to avoid having the Court resolve disputed issues of fact, the government will rely upon the more conservative figure of $800 per pound.

In sum, the defendant has stipulated that 1000 kilograms (2,200 pounds) are attributable to him in this case. By the most conservative measure, the evidence indicates that the defendant purchased his marijuana for approximately $500 per pound and resold it for approximately $800 per pound, earning a profit of $300 per pound. The gross proceeds forfeitable to the United States would be $1,760,000, calculated by multiplying 2,200 pounds by $800. The net proceeds forfeitable to the United States would be $660,000, calculated by multiplying 2,200 pounds by $300. Although it appears that gross proceeds are indeed forfeitable in the Second Circuit, the government will agree to resolve the defendant's forfeiture liability under a net proceeds theory.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court find that the sum of $660,000 constitutes proceeds obtained directly or indirectly as a result of the criminal

activities of which the defendant was convicted. Further, the government requests that, at the time of sentencing, the Court enter a money judgment in the government's favor in this amount.

                                      Respectfully submitted,

                                      KEVIN J. O'CONNOR
                                      UNITED STATES ATTORNEY

                                      /s/
                                      MARK D. RUBINO
                                      ASSISTANT UNITED STATES ATTORNEY
                                      157 Church Street
                                      New Haven, Connecticut 06510
                                      Tel. (203) 821-3828
                                      Federal Bar No. CT03496

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing sent via U.S. mail this 14th day of April 2006 to

Joseph Martini, Esq.
Pepe & Hazard
30 Jelliff Lane
Southport, Ct 06890

Sandra Hunt
U.S. Probation
New Haven, CT

                                                /s/
                                        MARK D. RUBINO
                                        Assistant United States Attorney