UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------x
UNITED STATES OF AMERICA,                       :
                                                :
Plaintiff,                                      :   Crim. No.: 3:02CR138 (EBB)
                                                :
v.                                              :
                                                :
DAVID WILSON,                                   :   June 20, 2006
                                                :
Defendant.                                      :
------------------------------------------------x

## DEFENDANT'S RESPONSE TO GOVERNMENT'S CLAIM FOR FORFEITURE

The defendant, David Wilson, respectfully submits this brief memorandum to respond to the government's request for a money judgment against him in the amount of $660,000.

In seeking a money judgment, the government relies upon Rule 32.2(b) of the Federal Rules of Criminal Procedure. Rule 32.2(b) provides for two different kinds of forfeiture judgments in criminal cases: (1) forfeiture of specific property where there is a proven "nexus between the property and the offense"; or (2) a personal money judgment. Fed. R. Crim. P. 32.2(b). However, the specific forfeiture provision relied upon by the government, 21 U.S.C. §853, contains no provision for the entry of a personal money judgment. See United States v. Day, 416 F. Supp. 2d 79, 89 (D.C. 2006); United States v. Croce, 334 F. Supp. 2d 781 (E.D. Pa. 2004). In the absence of such statutory support, Rule 32.2 of the Federal Rules of Criminal Procedure provides no authority for the entry of a money judgment. United States v. Day, 416 F. Supp. 2d at 90. See also Fed. R. Crim. P. 32.2, Advisory Committee Notes

(noting that while "[a] number of cases have approved use of money judgment forfeitures," the "[Advisory] Committee take no position on the correctness of those rulings.").

Further, absent evidence that Mr. Wilson, himself, ever profited from the conspiracy to the extent of the sought after money judgment, or received such proceeds, a criminal forfeiture in this amount is excessive and would violate the Eighth Amendment. United States v. Bajakajian, 524 U.S. 321 (1998).

Finally, in July 2002, a BMW automobile owned by Mr. Wilson was seized and subsequently forfeited. Mr. Wilson respectfully requests that the value of this BMW be credited against any order of forfeiture entered by the Court.

For these reasons, as well as others raised at sentencing, Mr. Wilson objects to the entry of a money judgment, and reserves to the appropriate time his objections to the government's effort to forfeit his interest in the property described in its Bill Of Particulars.

Respectfully Submitted,

By: _____
Joseph W. Martini (ct 07225)
Pepe & Hazard LLP
30 Jelliff Lane
Southport, CT 06890
(203) 319-4002
(203) 259-0251 fax
jmartini@pepehazard.com

## CERTIFICATION

This is to certify that a copy of the foregoing was sent by facsimile and mailed, postage prepaid, this 20th day of June, 2006, to the following counsel of record:

Mark D. Rubino, Esq.
Assistant United States Attorney
Office of United States Attorney
157 Church Street, 23rd Floor
New Haven, CT 06510

_____
Joseph W. Martini

JWM/32195/2/77333v1
06/20/06-SPT/