UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | Case No. 3:02CR138(EBB) |
| v. | : | |
| | : | |
| DAVID WILSON | : | |

_____/

### UNITED STATES' REPLY BRIEF REGARDING THE CRIMINAL FORFEITURE OF THE DEFENDANT'S INTEREST IN PROPERTY

The United States of America, by and through the undersigned Assistant United States Attorneys, hereby submits the this reply brief in support of its forfeiture motion. On April 14, 2006, the government submitted its memorandum in support of its request for a forfeiture money judgment in the sum of $660,000, which sum constitutes the net proceeds of the defendant's drug trafficking activities. On June 20, 2006, the defendant filed a response in opposition, arguing that the court lacks the authority to enter a money judgment and that any such judgment would be unconstitutional as an excessive fine. The defendant's arguments are without merit and should be rejected.

As we stated in our initial brief, criminal forfeiture is mandatory, not discretionary. See 21 U.S.C. § 853(a) (mandating that the defendant "shall forfeit" and the court "shall order . . . that the person forfeit to the United States); *see also Caplin & Drysdale Chartered v. United States, 491 U.S. 617, 622-62 (1989); United States v. Bieri*, 68 F.3d 232, 235 (8th Cir. 1995), *cert. denied*, 517 U.S. 1233 (1996). An order of forfeiture may be in the form of a monetary judgment against the defendant, or may seek the forfeiture of assets directly traceable to the criminal proceeds, or it may seek substitute assets, or a combination of the above. *United States v. Candelaria-Silva*, 166 F.3d 19, 42 (1st Cir. 1999). Defendant's arguments to the contrary are based upon a single case, that is

on appeal, that has been soundly rejected by appellate courts.

Specifically, defendant argues that Section 853 (the drug criminal forfeiture statute) does not authorize an criminal money judgment and relies upon a district court ruling in *United States v. Croce*, 334 F. Supp. 2d 781 (E.D. Pa. 2004), which held that 18 U.S.C. § 982(a)(1) (a criminal forfeiture provision for money laundering offenses) did not specifically authorize the court to enter a money judgment. After reconsideration, the district judge changed his ruling and agreed that section 982 did authorize money judgments, but only up to the value of the assets that may be forfeited as substitute assets; it did not authorize money judgments that exceed the defendant's net worth. *United States v. Croce*, ___ F. Supp. 2d ___, 2004 WL 2668585 (E.D. Pa. Nov. 19, 2004). At the time they were issued, these rulings were completely at odds with every other precedent which had considered the issue. The government believes these cases were wrongly decided. They are still pending on appeal in the Third Circuit.

Earlier this year, a district court judge in the District of Columbia reached a similar ruling in relying upon *Croce* and found that the government was not entitled to a money judgment in a mail and wire fraud case, where forfeiture was sought under 28 U.S.C. § 2461 and the civil forfeiture statute, 18 U.S.C. § 981, because the fraud did not affect a financial institution. *United States v. Day,* 416 F. Supp. 2D 79, 89 (D.C. 2006). First, although the *Day* court was interpreting a different statutory scheme than section 853, which is the basis for forfeiture in this case, plainly the *Day* court believes that the *Croce* analysis was correct. That said, it still appears that *Croce* is an aberrational decision that has since been rejected by three courts of appeals and by the United States Congress.

First, the Ninth Circuit in *United States v. Rutledge*, 437 F.3d 917 (9th Cir. 2006), ruled that section 2461(c) does indeed authorize criminal forfeiture for any type of mail fraud or wire fraud that

is not covered by the existing criminal forfeiture provisions in Sections 982(a)(2) and (8).

Then, on March 9, 2006, President Bush signed into law an amendment to section 2461(c) enacted as part of the USA Patriot Improvement and Reauthorization Act of 2005. The amendment eliminates all together the restriction on the application of section 2461(c) to cases where there is no existing provision for criminal forfeiture for a given offense.

Thereafter, the First Circuit soundly rejected the *Croce* conclusion in *United States v. Hall*, 431 F.3d 42 (1st Cir. 2006). In *Hall*, the panel rejected *Croce* and held that the district court was correct to order the defendant to forfeit a sum of money equal to the drug proceeds that he earned but did not retain. This reflects, the court said, the nature of criminal forfeiture as a "sanction against the individual defendant rather than a judgment against the property itself," and is the only way to truly separate the wrongdoer from the fruits of his crime once he has spent them on "wine, women and song." 431 F.3d at 59.

Most recently in April 2006, the Ninth Circuit in *United States v. Casey*, 444 F.3d 1071 (9th Cir. 2006), rejected *Croce* and found that a forfeiture money judgment in a drug case was appropriate, noting that the overriding purpose of the criminal forfeiture statutes is to eliminate the gain that a defendant realizes from committing a criminal act, whether the defendant retains or spends it. 444 F.3d at 1074. The panel rejected the notion espoused in *Croce* that a money judgment was "nonspecific" and reasoned that the drug statutes mandate that the defendant forfeit a "very specific amount – the proceeds of his criminal activity." *Id*. at 1076. The panel also made a point of noting that its conclusion was consistent with that the First and Seventh Circuits regarding the imposition of money judgments on an insolvent defendant. " *Id*. at 1077.

In addition to *Rutledge, Hall,* and *Casey*, numerous other appellate and district court cases,

involving money laundering and other crimes, have all reached the same result. *See United States v. Chavez*, 323 F.3d 1216, 1218 (9th Cir. 2003) (money judgment for amount of defendant's drug proceeds, to be satisfied out of defendant's lottery winnings); *United States v. Watkins*, 320 F.3d 1279, 1281 (11th Cir. 2003) (money judgment for value of drug proceeds partially satisfied by substitute assets); *United States v. Moyer*, 313 F.3d 1082, 1085 (8th Cir. 2002) (forfeiture under the money laundering statute for the value of the fraud proceeds that were laundered); *United States v. Tedder*, 2003 WL 23204949 (W.D. Wis. 2003) (government entitled to money judgment even though the possibility that the forfeiture order would take that form was not mentioned in the indictment); *United States v. Saccoccia*, 823 F. Supp. 994, 1006 (D.R.I. 1993) (money judgment for the amount laundered, $136 million, entered against each defendant); *United States v. Saccoccia*, 898 F. Supp. 53, 56 (D.R.I. 1995) (the money judgment may be satisfied out of the laundered funds, property traceable thereto, or substitute assets); *United States v. Cleveland,* 1997 WL 537707 *11 (E.D. La. 1997) (money judgment for the total amount laundered); *United States v. Ginsburg*, 773 F.2d 798, 801-02 (7th Cir. 1985) (*en banc) (*criminal forfeiture is a personal judgment that requires the defendant to pay the total amount derived from the criminal activity "regardless of whether the specific dollars received from that activity are still in his possession.")

The Eleventh Circuit reached the same conclusion in *United States v. Navarro-Ordas*, 770 F.2d 959 (11th Cir. 1985). Expanding on the analysis in *Conner,* the panel held that Congress's purpose in enacting the criminal forfeiture statutes was to ensure that the criminal was separated from the proceeds of his offense. Allowing a criminal to escape the sanction of forfeiture if the government could not actually locate the proceeds of the criminal activity would serve only to reward criminals who were successful in hiding or dissipating their profits, the court said. Thus, to carry

-4-

on Congress's intent, a court must be able to order the convicted defendant to pay a judgment equal to the proceeds obtained from the offense, "regardless of what he may actually have done with his profits." *Id.* at 970.

The Fourth Circuit said the same thing the following year in *United States v. Amend,* 791 F.2d 1120 (4th Cir. 1986).  In that case, the defendant argued that the government failed to offer any evidence that the assets subject to forfeiture were still in existence at the time of her conviction. Relying on *Ginsburg,* the court held that such proof is not required in a criminal forfeiture case where the purpose of the sanction is not to recover specific property, but to ensure that the defendant suffers a punishment commensurate with the value of the proceeds he received – and dissipated – in the course of the offense.  *Id.* at 1127 and n.6.

A year later, the Second Circuit reached the same result in *United States v. Robilotto,* 828 F.2d 940 (2nd Cir. 1987).  In that case, the defendant argued that no forfeiture judgment could be imposed because he no longer retained the proceeds of his criminal offense.  Because the forfeiture is a sanction against the individual defendant and not a judgment against the property itself, the court said, the requirement that the property be traceable to the criminal offense does not apply.  *Id.* at 948-49.

The early cases such as *Conner, Ginsburg, Amend, Navarro-Ordas* and *Robilotto* established the principle that civil and criminal forfeiture were inherently different concepts, and that it was not necessary for the government to show that the defendant still had the criminal proceeds in his possession before the court could order the defendant to pay a money judgment in a criminal case.

In *United States v. Candelaria-Silva*, 166 F.3d 19 (1st Cir. 1999), the First Circuit set forth the current state of the law on criminal forfeiture orders as clearly as it has been stated in any case.

In affirming the forfeiture orders in a drug case, the panel said the following:

> A criminal forfeiture order may take several forms. First, the government is entitled to an *in personam* judgment against the defendant for the amount of money the defendant obtained as proceeds of the offense. Second, to the extent the government can trace any of the proceeds to specific assets, it may seek the forfeiture of those assets directly pursuant to 21 U.S.C. § 853(a)(1). Third, if as a result of some act or omission of the defendant, the government cannot trace the proceeds to specific assets, it may seek the forfeiture of "any property, cash or merchandise, in satisfaction of the amount of criminal forfeiture to which it is entitled." *United States v. Voigt,* 89 F.3d 1050, 1088 (3d Cir.1996); *see* 21 U.S.C. § 853(p) (authorizing forfeiture of substitute assets).

*Id.* at 42.

In this case, the government seeks an *in personam* money judgment based upon the amount of money the defendant earned from his drug trafficking. The government intends to execute that judgment against property of the defendant, including a parcel of real property in Jamaica which constitutes the proceeds of the defendant's drug trafficking activities and is independently forfeitable in its own right.

The only case that supports the defendant's position is *Croce*, which is at odds with over 20 years of established forfeiture law, has since been rejected by three appellate courts, and is not even a final decision as it is pending on appeal. Plainly, this court should reject the defendant's position.

Lastly, citing *United States v. Bajakajian*, 524 U.S. 321 (1998), the defendant argues that absent evidence that he profited from his drug trafficking activities, a criminal forfeiture judgment would be an excessive fine. Defendant's reliance on *Bajakajian* is completely misplaced. In *Bajakajian*, the Supreme Court held that forfeiture of the entire amount of money involved in a CMIR offense (failure to file currency reporting form when traveling outside the U.S. with more than

$10,000 in cash) would be grossly disproportional to the gravity of the offense unless the currency was involved in some other criminal activity.

However, this concept has no application in the forfeiture of drug proceeds because forfeiture of proceeds can never be excessive. *See United Sates v. Real Property Located at 22 Santa Barbara Dr.,* 264 F.3d 860 (9th Cir. 2001)(Eighth Amendment does not apply to the forfeiture of drug proceeds). Every other court that has addressed this issue has held the same way.

<u>CONCLUSION</u>

For the foregoing reasons, the United States respectfully requests that this Court find that the sum of $660,000 constitutes proceeds obtained directly or indirectly as a result of the criminal activities of which the defendant was convicted. Further, the government requests that, at the time of sentencing, the Court enter a money judgment in the government's favor in this amount.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


/s/
MARK D. RUBINO
ASSISTANT UNITED STATES ATTORNEY
157 Church Street
New Haven, Connecticut 06510
Tel. (203) 821-3828
Federal Bar No. CT03496

CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was hand-delivered

this 21st day of June 2006 to

Joseph Martini, Esq.
Pepe & Hazard
30 Jelliff Lane
Southport, Ct 06890

Sandra Hunt
U.S. Probation
New Haven, CT

/s/
MARK D. RUBINO
Assistant United States Attorney