UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------X
UNITED STATES OF AMERICA,              :
                                       :
         Plaintiff,                    :  Crim. No.: 3:02CR138 (EBB)
                                       :
v.                                     :
                                       :
DAVID WILSON,                          :  July 10, 2006
                                       :
         Defendant.                    :
------------------------------------------------X

### DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO GOVERNMENT'S CLAIM FOR FORFEITURE

The defendant, David Wilson, respectfully submits this supplemental memorandum in further support of his objection to the government's claim that it is entitled to a money judgment against him in the amount of $660,000. For the reasons set forth below, a violation of Rule 11 of the Federal Rules of Criminal Procedure completely precludes any order of forfeiture in this case.

Mr. Wilson entered his guilty plea on April 3, 2003. He did so pursuant to a written plea agreement with the government. A copy of the plea agreement and transcript of the guilty plea hearing are attached hereto as Exhibit A.

At the time of the Mr. Wilson's guilty plea, Rule 11 of the Federal Rules of Criminal Procedure required that the Court, before accepting Mr. Wilson's guilty plea, inform him of "any applicable forfeiture," and determine that he understood that forfeiture was a possible penalty. Fed. R. Crim. Pro. 11(b)(1)(J). Although the Indictment in this case contained a forfeiture count, the attached plea agreement contains no reference to forfeiture. Moreover,

1

the Court did not advise Mr. Wilson before accepting his plea that forfeiture was a possible penalty. Under these circumstances, the Court may not enter an order of forfeiture. See United States v. Young, 932 F.2d 1035 ($2^d$ Cir. 1991) (restitution order invalid insofar as plea allocution did not inform defendant that restitution could be awarded). Indeed, in the context of restitution orders, a "district court's failure to advise a defendant of the possibility that his sentence could include an order of restitution followed by a sentence that included such an order, [is] not harmless error." United States v. Harrington, 354 F.3d 178, 186 (2d Cir. 2004), quoting United States v. Showerman, 68 F.3d 1524, 1528 (2d Cir. 1995). There is no reason why the rule should be different when the Rule 11 violation concerns forfeiture. Indeed, forfeiture, like restitution, is on Rule 11's list of items about which a defendant must be informed. On this basis alone, the Court should reject the government's claim and refuse to enter any order regarding forfeiture.

If the Court nevertheless decides that the Rule 11 violation does not preclude a forfeiture order, the Court should reject the government's attempt to obtain a money judgment based on all of the reasons previously set forth by Mr. Wilson. In addition, DEA Agent Hibbert's testimony established (1) that the government has no evidence that Mr. Wilson actually received the claimed proceeds (Tr. 29-30); (2) that the government has no evidence that Mr. Wilson received proceeds from the sale of marijuana to which it claims Government's Exhibit 1 refers (Tr. 42, 59); (3) that it is entirely possible that Mr. Wilson, acting as a broker or intermediary, received substantially less in proceeds (Tr. 38, 43); and (4) that the government has not presented sufficient evidence regarding the prices of marijuana during the charged conspiracy period (Tr. 61, 66), as the government concedes in its most recent filing

(Gov't Supplement Mem. at 3). These facts all support Mr. Wilson's claim that not only is a money judgment inappropriate, a money judgment in the amount of $660,000 would be unconstitutionally excessive.

For these reasons, as well as those reasons previously set forth by Mr. Wilson in his previous written submissions and oral argument in open court, the Court should refuse to enter any order of forfeiture in this case.

Respectfully submitted,

*/s/ Joseph W. Martini*

Joseph W. Martini (ct 07225)
Pepe & Hazard LLP
30 Jelliff Lane
Southport, CT 06890
(203) 319-4000
(203) 259-0251
jmartini@pepehazard.com

3

JWM/32195/2/78312v1
07/10/06-SPT/

## CERTIFICATION

This is to certify that a copy of the foregoing was sent via facsimile and first class mail, postage prepaid, this 10th day of July, 2006 to:

Mark D. Rubino, Esq.
Assistant United States Attorney
Office of United States Attorney
157 Church Street, 23rd Floor
New Haven, CT 06510

Joseph W. Martini

4

JWM/32195/2/78312v1
07/10/06-SPT/