



**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

---

Connecticut Financial Center          (203) 821-3700
157 Church Street
New Haven, Connecticut  06510          Fax (203) 773-5376

April 3, 2003

Joseph Martini
Pepe and Hazard
30 Jelliff Lane
Southport, Connecticut 06490-1436

Re:  United States v. David Wilson
Criminal No. 3:02CR138 (EBB)

Dear Mr. Martini:

This letter confirms the plea agreement entered into between your client, David Wilson (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the referenced criminal matter.

The Plea and Offense

David Wilson agrees to plead guilty to count one of the indictment charging him with conspiracy to possess with intent to distribute and to distribute one thousand kilograms or more of a mixture or substance containing a detectable amount of marijuana, in violation of 21 U.S.C. § 846 and 841 (b)(1)(B)(ii). He understands that to be guilty of this offense the following essential elements of the offense must be satisfied:

1. A conspiracy between two or more persons to possess with intent to distribute and to distribute marijuana;

2. The defendant knowingly, willfully and voluntarily agreed to participate in the conspiracy; and

3. The amount of controlled substance which the members of the conspiracy conspired to possess with intent to distribute was one thousand kilograms or more of marijuana.

Joseph Martini, Esq.
March 31, 2003
Page 2

The Penalties

Since, as acknowledged by and agreed to be the defendant, the quantity of marijuana in furtherance of the jointly undertaken criminal activity charged in count one of the indictment and which was reasonably foreseeable in connection with that criminal activity was 1,000 kilograms or greater, his offense carries a maximum penalty of life imprisonment and a $4,000,000 fine and a mandatory minimum penalty of ten years' imprisonment. Moreover, any sentence of incarceration under this provision must also include a term of supervised release of at least five years and as much as life. The defendant understands that should he violate any condition of the supervised release during its term, he may be required to serve a further term of imprisonment of five years.

The defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000; or (4) the amount specified in the section defining the offense ($2,000,000).

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100.00 on each count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day of sentencing.

Finally, unless otherwise ordered, should the Court impose a fine of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of a fine amount not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine pursuant to 18 U.S.C. §§3572 (h), (i) and § 3612(g).

Sentencing Guidelines

      1.    <u>Applicability</u>

The defendant understands that the Sentencing Reform Act of 1984 and the Sentencing Guidelines apply in this case. The defendant understands that the Court is required to consider any applicable Sentencing Guidelines but may depart from those Guidelines under some circumstances. The defendant expressly understands that the Sentencing Guideline determinations will be made by the Court, based upon input from the defendant, the Government, and the United States Probation Officer who prepares the presentence investigation report. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than what he anticipated.

Joseph Martini, Esq.
March 31, 2003
Page 3

    2.    <u>Determination of Quantity</u>

    The parties agree and acknowledge that the determination of the quantity of marijuana which was part of the defendant's relevant and readily foreseeable conduct will be determined by the court at sentencing. The defendant agrees and acknowledges that the quantity of marijuana involved is in excess of 1,000 kilograms.

    3.    <u>Acceptance of Responsibility</u>

    At this time, the Government agrees to recommend that the Court reduce by three levels the defendant's Adjusted Offense Level under section §3E1.1 of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. This recommendation is conditioned upon the defendant's full, complete, and truthful disclosure to the Probation Office of information requested, of the circumstances surrounding his commission of the offense, of his criminal history, and of his financial condition. In addition, this recommendation is conditioned upon the defendant timely providing complete information to the Government concerning his involvement in the offense to which he is pleading guilty. The defendant expressly understands that the Court is not obligated to accept the Government's recommendation on the reduction.

    The Government will not make this recommendation if the defendant engages in any acts which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (Sentencing Guideline section §3E1.1); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (Sentencing Guideline §3C1.1); or (3) constitute a violation of any condition of release. The defendant expressly understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make this recommendation.

    4.    <u>Appeal Rights Regarding Sentencing</u>

    The parties reserve their respective rights to appeal and to oppose each other's appeal of the sentence imposed as permitted by the statute.

    5.    <u>Information to the Court</u>

    The Government expressly reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, it is expressly understood that the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to its file, with the exception of grand jury material.

Joseph Martini, Esq.
March 31, 2003
Page 4

<u>Waiver of Trial Rights and Consequences of Plea</u>

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, and the right to compulsory process for the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives and gives up those rights and that if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

<u>Acknowledgment of Guilt; Voluntariness of Plea</u>

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

<u>Scope of Agreement</u>

The defendant acknowledges and understands that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant understands and acknowledges that this agreement has been

Joseph Martini, Esq.
March 31, 2003
Page 6

    This letter shall be presented to the Court, in open court, and filed in this case.

                Very truly yours,

                KEVIN J. O'CONNOR
                UNITED STATES ATTORNEY


                ROBERT M. SPECTOR
                ASSISTANT UNITED STATES ATTORNEY


                MICHAEL E. RUNOWICZ
                ASSISTANT UNITED STATES ATTORNEY

    The defendant David Wilson certifies that he has read the foregoing letter, and that he fully understands and accepts its terms.


_____      _____
DAVID WILSON                    Date
The Defendant


    I have read the above and explained it to my client, who advises me that he understands and accepts its terms.


_____      _____
JOSEPH MARTINI              Date
Attorney for the Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

Grand Jury N-01-2

FILED

MAY 14  3 04 PM '02

U.S DISTRICT COURT
NEW HAVEN, CONN.

02 MAY 16 PM 4: 14

NEW HAVEN, CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Criminal No. 3:02 cr 138 (AHN) |
| DAVID WILSON | : | Violation: |
| a/k/a "Struggle" | | 21 U.S.C. § 846 |
| | : | (Conspiracy to possess with |
| | | the intent to distribute marijuana) |
| | | 21 U.S.C. § 853 (Forfeiture) |

I N D I C T M E N T

The Grand Jury charges that:

COUNT ONE
(21 U.S.C. § 846)

From in or about January 1989 and continuing to in or about August 2000, the exact dates

unknown to the Grand Jury, in the District of Connecticut and elsewhere,

DAVID WILSON
a/k/a "Struggle,"

defendant herein, together with others known and unknown to the Grand Jury, knowingly and

intentionally combined, conspired, confederated, and agreed to possess with intent to distribute

more than 1,000 kilograms of marijuana, a Schedule I controlled substance, in violation of Title

21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(vii).

All in violation of Title 21, United States Code, Section 846.

## NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE
(21 U.S.C. § 853)

As a result of the offenses alleged in Count One of this Indictment,

### DAVID WILSON
a/k/a "Struggle,"

defendant herein, shall forfeit to the United States of America, pursuant to Title 21, United States Code, Sections 846, 841(a)(1), and 853, any and all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the violations alleged in Count One and any and all property used or intended to be used in any manner or part to commit or to facilitate the commission of the violations alleged in Count One, as to which the defendant is liable, including but not limited to $715,000 in United States currency.

### Substitution of Assets

If any of the property which is subject to forfeiture, as a result of any act or omission of one or more of the defendant named in Count One,

(1)    cannot be located upon the exercise of due diligence;

(2)    has been transferred or sold to, or deposited with, a third person;

(3)    has been placed beyond the jurisdiction of the United States District Court for the District of Connecticut;

(4)    has been substantially diminished in value; or

(5)    has been commingled with other property which cannot be subdivided without difficulty;

2

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853, to seek

forfeiture of any other property of the defendant named in Count One up to the value of the

above forfeitable property.

A TRUE BILL

_____
GRAND JURY FOREPERSON


_____
JAMES I. GLASSER
ACTING UNITED STATES ATTORNEY


_____
PETER S. JONGBLOED
ASSISTANT UNITED STATES ATTORNEY


_____
MICHAEL R. SKLAIRE
ASSISTANT UNITED STATES ATTORNEY


_____
ROBERT M. SPECTOR
ASSISTANT UNITED STATES ATTORNEY

I hereby certify that the foregoing
is a true copy of the original document
on file.   Date: 3/15/02

KEVIN F. ROWE
Clerk

By _____
Deputy Clerk

3

1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

COPY

------------------------X
UNITED STATES OF AMERICA,
            Plaintiff,

        vs.

DAVID WILSON,
            Defendant.
------------------------X

CRIMINAL ACTION NO.
3:02cr138 (EBB)


April 3, 2003


Federal Building
141 Church Street
New Haven, Connecticut


GUILTY PLEA HEARING


Held Before:

   The Honorable ELLEN BREE BURNS,
        Senior U.S.D.C. Judge


FALZARANO COURT REPORTERS
117 North Saddle Ridge
West Simsbury, CT 06092
860-651-0258

2

```
1
      APPEARANCES:
2

3     For the Plaintiff:

4           OFFICE OF THE U.S. ATTORNEY
            157 Church Street
5           New Haven, CT 06510
                 By:  ROBERT M. SPECTOR, ESQ.
6                     MICHAEL RUNOWICZ, ESQ.

7
      For the Defendant:
8
            PEPE & HAZARD, LLP
9           30 Jelliff Lane
            Southport, CT 06890-1436
10               By:  JOSEPH W. MARTINI, ESQ.

11
      Also Present:
12
            Special Agent Hubbell, DEA
13

14

15

16

17

18

19

20

21

22

23

24

25
```

4

1          this morning with your attorney?

2                    THE WITNESS:  Yes, ma'am.

3                    THE COURT:  Before I can permit you

4          to enter a guilty plea, I'm going to have

5          to discuss some questions.  And the

6          purpose of these questions is to be sure

7          if you change your plea to guilty you are

8          doing so knowingly and voluntarily and

9          understand fully the ramifications of your

10         plea.

11                   Obviously, in order to make a

12         judgment with respect to that, I have to

13         be able to rely on the truthfulness of the

14         answers you give to my questions, and

15         therefore, the Clerk will place you under

16         oath.

17                   This means, sir, that if your

18         answers to my questions are not truthful

19         you might find yourself charged with

20         perjury or a false statement.  However, if

21         for any reason I feel I cannot go forward

22         and take a guilty plea from you today,

23         anything that you may have said to me with

24         respect to the offense with which you are

25         charged could not be used against you at a

1    charged with conspiracy to possess with

2    intent to distribute and to distribute

3    1,000 kilograms or more of marijuana.  Do

4    you understand that that's the charges

5    against you, sir?

6         THE WITNESS:  Yes, ma'am.

7         THE COURT:  Have you had adequate

8    time to discuss that charge with your

9    attorney?

10        THE WITNESS:  Yes, ma'am.

11        THE COURT:  Has he answered all of

12   the questions which you asked of him?

13        THE WITNESS:  Yes, ma'am.

14        THE COURT:  Now, sir, you know I

15   don't want you to plead guilty to this

16   offense unless you are in fact guilty.  Do

17   you understand that?

18        THE WITNESS:  Yes, ma'am.

19        THE COURT:  The indictment, sir,

20   alleges that from in or about January 1989

21   and continuing to in or about August 2000,

22   you together with persons who were known

23   and some unknown to the Grand Jury,

24   knowingly and intentionally conspired and

25   agreed to possess with the intent to

7

1    distribute more than 1,000 kilograms of
2    marijuana.  Did you do that, sir?
3            THE WITNESS:  Yes, ma'am.
4            THE COURT:  You understand, sir, that
5    if you plead guilty to this offense you
6    are exposing yourself to a maximum penalty
7    of life imprisonment.  Did you know that?
8            THE WITNESS:  Yes, ma'am.
9            THE COURT:  And a possible $4 million
10   fine.
11           THE WITNESS:  Yes, ma'am.
12           THE COURT:  And in any event, there
13   is a mandated sentence of 10 years.  Do
14   you understand that, sir?
15           THE WITNESS:  Yes.
16           THE COURT:  You are going to get at
17   least 10 years, it could go up depending
18   on certain findings.  Do you understand?
19           THE WITNESS:  Yes, ma'am.
20           THE COURT:  Also, sir, you will be
21   sentenced to a term of supervised release
22   of at least five years and could be as
23   much as life, did you know that?
24           THE WITNESS:  Yes, ma'am.
25           THE COURT:  Supervised release, sir,

8

1          is a term which begins when a Defendant is

2          released from prison and it runs for

3          whatever term the Court has set, and if

4          during that time the Defendant violates

5          any of the conditions of his supervised

6          release, he may be required to return to

7          prison, in your case for up to five years.

8          Did you know that?

9              THE WITNESS:  Yes, ma'am.

10             THE COURT:  You wouldn't get any

11         credit for the time you've been free, did

12         you know that also, sir?

13             THE WITNESS:  Yes.

14             THE COURT:  There is another

15         provision of the statute under which I

16         could fine you as much as $250,000 or

17         twice the gain to you of the offense you

18         committed or twice the loss to any victim.

19         Did you know that?

20             THE WITNESS:  Yes, ma'am.

21             THE COURT:  And lastly, sir, at the

22         time you are sentenced, I will impose a

23         mandatory special assessment of $100, did

24         you also understand that?

25             THE WITNESS:  Yes, ma'am.

1          THE COURT:  You have heard me outline

2      to you the offense which is alleged you

3      committed and the dates when it was

4      alleged you committed them, that is from

5      sometime in January of 1989 continuing to

6      August of 2000.  Did you do that, sir?

7          THE WITNESS:  Yes, ma'am.

8          THE COURT:  If you plead guilty to

9      this offense, sir, you are going to be

10     waiving certain rights.  I want to review

11     them with you today.

12          You can continue in your plea of not

13     guilty in which case the Government would

14     be required to prove your guilt beyond a

15     reasonable doubt to the unanimous

16     satisfaction of 12 jurors in this

17     courtroom.  Do you know that, sir?

18          THE WITNESS:  Yes, ma'am.

19          THE COURT:  At trial you could be

20     represented by an attorney; if you could

21     not afford the services of an attorney,

22     the Court will appoint one for you.

23          THE WITNESS:  Yes.

24          THE COURT:  You could remain silent,

25     you wouldn't have to incriminate yourself

1     in any way because the Government has to

2     prove you guilty, you don't have to prove

3     your innocence.  Do you understand that,

4     sir?

5         THE WITNESS:  Yes, ma'am.

6         THE COURT:  On the other hand, if you

7     wish to do so you could testify and then

8     you could also offer other evidence in

9     your own behalf.  Do you understand that,

10    sir?

11        THE WITNESS:  Yes, ma'am.

12        THE COURT:  And you could be

13    represented by an attorney throughout

14    these proceedings.  If you couldn't afford

15    the services of an attorney, I will

16    provide you with one.  Do you know that

17    too, sir?

18        THE WITNESS:  Yes, ma'am.

19        THE COURT:  If you plead guilty you

20    are going to be waiving all of those

21    rights and the next proceeding in court

22    will be for me to impose sentence upon

23    you.  Do you understand that?

24        THE WITNESS:  Yes.

25        THE COURT:  Sir, has anyone

1    threatened you or coerced you in any way

2    to get you to plead guilty?

3         THE WITNESS:  No, ma'am.

4         THE COURT:  I have been presented a

5    copy of a plea agreement letter, do you

6    know the document I refer to, sir?  It

7    bears a date of April 2nd.

8         The copy I have, is that the same

9    one that you have, Mr. Martini?

10        MR. MARTINI:  We have one dated April

11   3rd, Your Honor.

12        THE COURT:  Was there a material

13   change in the agreement except for the

14   date?

15        MR. SPECTOR:  Your Honor, there was.

16   There was one mistake changed from the

17   initial date in the penalty section in the

18   alternative final paragraph.  The last

19   part says two million, that's a typo, it

20   actually should be four million.  We

21   changed it on the original and we have all

22   initialed that change.

23        THE COURT:  Have you discussed that

24   letter with Mr. Martini, sir?

25        THE WITNESS:  Yes, ma'am.

with you now.

13

1     THE COURT:  This is in connection

2    with the Sentencing Guideline.  I assume

3    you have discussed this with Mr. Martini,

4    right?

5       THE WITNESS:  Yes, ma'am.

6       THE COURT:  Now, the Government is

7    agreeing to make that suggestion to me

8    because of your acceptance of

9    responsibility in this case.  However,

10    sir, I might determine that you were not

11    entitled to that reduction and in that

12    case, I would not permit you to withdraw

13    your guilty plea although it might be

14    grounds for you to make an appeal. Do you

15    understand that, sir?

16       THE WITNESS:  Yes, ma'am.

17       THE COURT:  The Government has also

18    indicated that if you plead guilty this

19    morning that it will satisfy any federal

20    criminal liability you may have here in

21    Connecticut as a result of your

22    participation in a conspiracy to possess

23    with the intent to distribute and to

24    distribute marijuana which forms the basis

25    for the indictment in this case, that's

14

```
1          set forth on page 5, sir.  Do you see

2          that?

3              THE WITNESS:  Yes, ma'am.

4              THE COURT:  Do you think the

5          Government has promised you anything else,

6          sir, that I have not put on the record?

7              THE WITNESS:  No, ma'am.

8              THE COURT:  Mr. Martini, have I

9          reflected the Government's commitments to

10         your client?

11             MR. MARTINI:  You have, Your Honor.

12             THE COURT:   You have read this

13         letter, have you, sir?

14             THE WITNESS:  Yeah.

15             THE COURT:  Did you discuss this with

16         Mr. Martini, sir?

17             THE WITNESS:  Yes.

18             THE COURT:  Has he answered all the

19         questions you have with respect to this?

20             THE WITNESS:  Yes, ma'am.

21             THE COURT:  Now, you understand, sir,

22         that if you plead guilty to this offense

23         there is a maximum possible penalty of

24         life imprisonment; did you know that?

25             THE WITNESS:  Yes, ma'am.
```

15

1       THE COURT:  And a $4 million fine,

2   okay?

3       THE WITNESS:  Yes, ma'am.

4       THE COURT:  You understand that?

5       THE WITNESS:  Yeah.

6       THE COURT:  You will receive at least

7   10 years of imprisonment, do you know

8   that, because that's the minimum term that

9   can be imposed for this crime?

10      THE WITNESS:  Yes, ma'am.

11      THE COURT:  If you plead guilty, sir,

12  I will also be including a term of

13  supervised release of at least five years

14  and it could be as much as life; did you

15  know that too, sir?

16      THE WITNESS:  Yes.

17      THE COURT:  That's a term which

18  happens or comes into effect when a

19  Defendant is released from prison, it runs

20  for whatever term the Court sets.  And if

21  during the course of that supervised

22  release the Defendant violates any of the

23  conditions of his supervised release, he

24  could be required to return to prison to

25  serve, in your case, as much as five

16

1    years.  Do you understand that sir?

2         THE WITNESS:  Yes, ma'am.

3         THE COURT:  You wouldn't get any

4    credit for the time you have been at

5    liberty.  There is a possible fine, sir,

6    here which is to be imposed upon you which

7    could be up to $250,000, twice the gain to

8    you of the offense you committed or twice

9    the loss to any victim.  Did you know

10   that, sir?

11        THE WITNESS:  Yes, ma'am.

12        THE COURT:  There is also a provision

13   in the statute under which you could be

14   fined as much as $4 million; did you know

15   that, sir?

16        THE WITNESS:  Yes, ma'am.

17        THE COURT:  If you at any time, sir,

18   you don't understand the questions, you

19   have anything you want to say to me,

20   please feel free to do that.  Will you do

21   that?

22        THE WITNESS:  Yes, ma'am.

23        THE COURT:  Lastly, you will be

24   required at the time of your sentencing

25   irrespective of any other sentence I may

17

1    impose, to pay a special assessment of

2    $100, did you know that?

3         THE WITNESS:  Yes, ma'am.

4         THE COURT:  What will happen, sir, is

5    if you plead guilty, is that the Probation

6    Department will begin the preparation of a

7    presentence report.  That report will

8    contain information about the crime that

9    is alleged you committed, comments made by

10   the United States Attorney and anything

11   you and your counsel wish to say with

12   respect to the offense.  It will also

13   contain information about you as an

14   individual.  I will know about your

15   personal history, your education, your

16   family, your prior criminal record if you

17   have one.  And ultimately the Probation

18   Department will put all of that

19   information into a report.  That report

20   will also contain the Probation

21   Department's assessment of your sentencing

22   range under the guidelines.

23        And at that point it will be

24   distributed to you and the Government and

25   either you or the Government may mount

1      objections to the report, in which case in

2      the first instance, the probation office

3      who prepared the report will attempt to

4      address those objections.  However, if at

5      the time of sentencing there is no

6      resolution of any of those objections, I

7      will have to resolve them and from however

8      I do that, sir, you might have an

9      opportunity to appeal, did you know that?

10          THE WITNESS:  Yes, ma'am.

11          THE COURT:  If the case were to go to

12      trial, what would the Government's proof

13      be, please?

14          MR. SPECTOR:  Thank you, Your Honor.

15          If the case were to go to trial as it

16      was scheduled in April this year through

17      the testimony of up to nine  cooperating

18      witnesses, law enforcement officers,

19      expert witnesses, and physical evidence

20      taken from garbage pulls outside the 245

21      Brooklawn Avenue residence of the

22      Defendant, phone records, hotel records,

23      airline tickets, driver record and

24      actually some of the marijuana seized,

25      would show that between the dates in the

1      indictment; that is, January 1989 and

2      August of 2000, a conspiracy existed to

3      import cocaine, purchase, I'm sorry,

4      cocaine -- purchase and import marijuana

5      from Mexico and Arizona, and transport it

6      to Connecticut using several means, one of

7      which was driving it through drivers, one

8      of which would be a witness who would

9      testify; mailing it or sending it through

10     the mail; flying it, and then it would

11     come to Connecticut sometimes directly or

12     sometimes through other states including

13     New York.

14         That this is a conspiracy that the

15     Defendant knowingly and willfully and

16     voluntarily was a participant in.  The

17     witnesses would be testifying as to their

18     own personal observations of the

19     Defendant's actions in handling the

20     marijuana and arranging for transport and

21     being out in Arizona.

22         The amount over this period was well

23     in excess of 1,000 kilograms of marijuana

24     that the conspiracy was responsible for

25     possessing with the intent to distribute

20

1    and distributed.

2        THE COURT:  Sir, do you challenge any

3    of the statements made by the United

4    States Attorney?

5        MR. MARTINI:  There are some things,

6    Your Honor, that we would disagree with.

7    We are not contesting of course his

8    involvement in the conspiracy and Your

9    Honor's also asked him that question, he's

10   admitting his involvement in the charge of

11   conspiracy.  We just have some factual

12   disagreements about what it is Mr. Wilson

13   did as a member of the charge of

14   conspiracy.

15       THE COURT:  Role in the offense?

16       MR. MARTINI:  His role, yes.

17       THE COURT:  Also the quantity is not

18   agreed upon as I understand it --

19       MR. MARTINI:   We are admitting --

20       THE COURT:  -- at least --

21       MR. MARTINI:  -- it involves at least

22   a thousand --

23       THE COURT:  There is a provision in

24   your plea agreement letter, sir, that at

25   the time of your sentence I'm going to

21

1   have to determine the overall quantity of
2   marijuana you were responsible for; did
3   you know that?
4         THE WITNESS:  Yes.
5         THE COURT:  You are only admitting
6   that it was something over 1,000
7   kilograms?
8         THE WITNESS:  Yes, ma'am.
9         THE COURT:  I would have to decide
10  that at the time of the sentencing exactly
11  how much is involved.  Do you understand
12  that?
13        THE WITNESS:  Yes, ma'am.
14        THE COURT:  If you plead guilty, sir,
15  you are doing so of your own free will?
16        THE WITNESS:  Yes, ma'am.
17        THE COURT:  Anybody threatened you or
18  coerced you in any way to get you to plead
19  guilty?
20        THE WITNESS:  No.
21        THE COURT:  Is it your desire to do
22  so?
23        THE WITNESS:  Yes, ma'am.
24        THE COURT:  Has anybody, sir,
25  promised you that at the time you were

22

1    sentenced by me you are going to receive a

2    particular sentence?

3         THE WITNESS:  No, ma'am.

4         THE COURT:  Either the Government or

5    your attorney or anybody else?

6         THE WITNESS:  No, ma'am.

7         THE COURT:  I assume you've had a

8    discussion with your attorney about your

9    possible exposure; it's considerable, sir.

10   You understand that you have up to a life

11   sentence, do you know that?

12        THE WITNESS:  Yes, ma'am.

13        THE COURT:  But you do not claim that

14   the Government has promised you anything

15   with respect to that sentence, is that

16   right?

17        THE WITNESS:  Yes, ma'am.

18        THE COURT:  And you understand at the

19   time you are sentenced, I'm going to have

20   to have a hearing to determine exactly how

21   much of this substance you are responsible

22   for; you know that, sir?

23        THE WITNESS:  Yes, ma'am.

24        THE COURT:  Mr. Martini, do you know

25   any reason why I should not accept a

Del Vecchio Reporting Services, LLC
203.245.9583

1          guilty plea from your client?

2               MR. MARTINI:  I don't, Your Honor.

3               THE COURT:  Is there any issue that

4          the Government or defense attorney thinks

5          I should address at this time that I have

6          not covered?

7               MR. SPECTOR:  No, Your Honor.

8               MR. MARTINI:  No, Your Honor.

9               THE COURT:  Is it your wish to plead

10         guilty, this morning, sir?

11              THE WITNESS:  Yes, ma'am.

12              THE COURT:  Has anyone coerced you or

13         forced you to enter a plea of guilty?

14              THE WITNESS:  No, ma'am.

15              THE COURT:  If you do so, it's of

16         your own free will after discussion with

17         Mr. Martini, is that correct?

18              THE WITNESS:  Yes, ma'am.

19              THE COURT:  The Court finds that

20         there is a factual basis for a plea of

21         guilty and that if such a plea is entered,

22         it will be knowingly and voluntarily made

23         and the Defendant may be put to plea.

24              THE CLERK:  Does your client waive

25         the reading of the indictment?

24

1          MR. MARTINI:  Yes.

2          THE CLERK:  United States of America

3     vs. David Wilson, Criminal Number

4     3:02cr138 assigned to Judge Burns, as to

5     Count One of the indictment charging you

6     with violation of Title 21, United States

7     Code, Section 846, what is your plea?

8          THE WITNESS:  Guilty.

9          THE CLERK:  Your Honor, the Defendant

10    pleads guilty to Count One of the

11    indictment.

12         THE COURT:  Thank you.  The plea is

13    accepted.

14         Has the Defendant executed the plea

15    agreement letter?

16         MR. MARTINI:  Yes, Your Honor.

17    Should I hand it up to the Court?

18         THE COURT:  Yes.

19         You signed that agreement only after

20    discussion with your attorney, is that

21    right?

22         THE WITNESS:  Yes, ma'am.

23         THE COURT:  Did he answer all of the

24    questions you had with respect to it?

25         THE WITNESS:  Yes, ma'am.

25

1          THE COURT:  It may be brought up.

2          MR. MARTINI:  (Handing.)

3          THE CLERK:  Sentencing June

4    20th at 9 a.m.?

5          THE COURT:  Is that date agreeable to

6    all parties?

7          MR. SPECTOR:  Yes, Your Honor.

8          THE COURT:  June 20th, 9 a.m.  I

9    assume bond is academic?

10          MR. MARTINI:  Yes, Your Honor.

11          THE COURT:  Thank you very much.

12          MR. MARTINI:  Thank you, Your Honor.

13    I apologize for this morning's scheduling

14    difficulties.

15          THE COURT:  It's not your fault.  I

16    know that several attorneys have been

17    delayed as a result of whatever happened

18    on 95.

19          MR. MARTINI:  Thank you.

20          (Proceedings concluded: 10:40 a.m.)

21

22

23

24

25

26

1                          CERTIFICATE

2

3

4          I hereby certify the previous 25 pages are a

5    complete and accurate computer-aided transcription

6    of my Stenotype notes taken in the matter of:

7    UNITED STATES OF AMERICA vs. DAVID WILSON, Guilty

8    Plea Hearing, held before The Honorable Ellen Bree

9    Burns, Senior U.S. District Judge, at 141 Church

10   Street, New Haven, Connecticut on April 3, 2003.

11

12

13          IN WITNESS THEREOF, I have hereunto set my
     hand this __Third__ day of __April__, 2005.

14

15          _____
            Lee Ann Biancucci,LSR 224, RPR
16          Notary Public

17

18

19

20

21   My Commission Expires:
     April 30, 2007
22

23

24

25

                    Del Vecchio Reporting Services, LLC
                            203.245.9583