UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| : | Case No. 3:02CR138(EBB) |
| v. : | |
| : | |
| DAVID WILSON : | |
| _____/ | |

**UNITED STATES' SECOND SUPPLEMENTAL**
**MEMORANDUM  REGARDING CRIMINAL FORFEITURE**

The United States of America, by and through the undersigned Assistant United States Attorneys, hereby submits the this second supplemental memorandum regarding forfeiture to respond to the defendant's argument regarding the applicability of Rule 11 to these forfeiture proceedings.  As we demonstrate below, the defendant's belated argument is completely without merit and should be rejected.

In this case, the defendant was indicted by a federal grand jury with conspiring to possess with intent to distribute 1000 kilograms or more of marijuana.  The indictment also sought forfeiture of all the criminal proceeds of the charged offense, including but not limited to the sum of $715,000.  The case was scheduled to proceed to trial, however, on the morning of jury selection, the defendant agreed to plead guilty to the sole count in the indictment.  Prior to the defendant's change of plea, the parties agreed to attempt to resolve the matters of forfeiture and role in the offense at some later time after the change of plea hearing.  As a result, there was no stipulation between the parties on the matter of forfeiture or role in the offense in the written plea agreement.

Defendant now argues that the failure of the court to advise him regarding the potential for forfeiture constitutes a violation of his rights under Rule 11 of the Federal Rules of Criminal Procedure. This is absurd. As stated above, because the parties did not reach an agreement on forfeiture as of the time the defendant changed his plea, an agreement on forfeiture was not part of the plea agreement. Therefore, it would not have even been possible for the court to canvass the defendant on the matter of forfeiture.

In a criminal case, forfeiture can be resolved in a variety of ways. When a defendant proceeds to trial and is convicted by a jury, he has the option of having a bifurcated trial before the same jury or have the court resolve the issue of forfeiture. When a defendant pleads guilty, he loses his right to a jury trial, however, and is limited to having the court decide the matter. Many times when a defendant pleads guilty, the defendant and the government are able to reach an agreement before the defendant pleads guilty and that agreement is included in the plea agreement. However, there are times when the parties cannot reach an agreement and they require the court's intervention. Indeed, that is what has happened in this case – the defendant pleaded guilty to Count One of the Indictment and the parties having been unsuccessful in resolving the forfeiture issue now seek the court's intervention.

The defendant's reliance upon the case law requiring that a defendant be advised of the potential for restitution is inapposite to this case. Unlike forfeiture, after conviction of an offense giving rise to restitution, the court can, and in some instances, must impose restitution as part of the sentence. This is so, regardless of whether the government provides notice of its intent to argue for restitution at the time of sentencing. Indeed, in the restitution context, the courts have held that due process requires that a defendant know in advance of his guilty plea the maximum

penalties, including the potential for restitution. In contrast, the government is not entitled to forfeiture as part of the judgment unless it first provides notice of its intent to seek forfeiture in the indictment and then proves entitlement thereto by a preponderance of the evidence. Plainly, the due process concerns for a defendant who should be afforded notice that he may be required to pay restitution has no application to defendant Wilson who (1) already received notice in the indictment that the government did intend to seek forfeiture, and (2) agreed to attempt to resolve the government's forfeiture demand after the entry of his guilty plea.

## CONCLUSION

For the foregoing reasons and the reasons set forth in our earlier submissions, the United States respectfully requests that this Court find that the sum of $660,000 constitutes proceeds obtained directly or indirectly as a result of the criminal activities of which the defendant was convicted. Further, the government requests that, at the time of sentencing, the Court enter a money judgment in the government's favor in this amount and include same in the oral pronouncement of sentencing..

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


        /s/
MARK D. RUBINO
ASSISTANT UNITED STATES ATTORNEY
157 Church Street
New Haven, Connecticut 06510
Tel. (203) 821-3828
Federal Bar No. CT03496

CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was faxed this 11th day of July 2006 to

Joseph Martini, Esq.
Pepe & Hazard
30 Jelliff Lane
Southport, Ct 06890

Sandra Hunt
U.S. Probation
New Haven, CT

                                                 /s/
                                         MARK D. RUBINO
                                         Assistant United States Attorney