UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| : | Case No. 3:02CR138(EBB) |
| v. : | |
| : | |
| DAVID WILSON : | |
| _____/ | |

**GOVERNMENT'S MOTION TO STRIKE**
**THE DEFENDANT'S LETTER TO THE COURT**

The United States of America, by and through the undersigned Assistant United States Attorneys, hereby moves to strike the defendant's letter dated July 7, 2006 to the Court. In support of this motion, the government states as follows:

1. On or about July 7, 2006, the defendant sent a letter to the Court, ostensibly to raise issues to be addressed at his then scheduled sentencing hearing of July 12, 2006. The letter was mailed directly from Wyatt Detention Center to the Court, and was not filed with the clerk's office by defense counsel.

2. On July 13, 2006, the undersigned counsel received a faxed copy of the defendant's letter from the Court's chambers.

3. The defendant's letter should be stricken from the Court's file. As the Court knows, the defendant is represented by Attorney Joseph Martini. It is Mr. Martini who is responsible for filing memoranda on the defendant's behalf in accordance with the local rules and which raise issues that are well-grounded in fact and law. The defendant's letter appears to ask the Court for certain relief. Any such request should come from counsel, not from the defendant. The defendant will have the right to allocute at the time of sentencing.

4. Moreover, on page 3 of the letter, the defendant states "At this point, I have no idea how to proceed...." Again, it is Mr. Martini's responsibility to counsel the defendant on how to proceed. The defendant's statement arguably raises the question of whether the defendant is satisfied with his counsel's representation. As the Court will recall, on March 28, 2006, the Court held a hearing on Mr. Martini's motion to withdraw as counsel. Although the defendant stated that he was satisfied with his counsel's representation, out of an abundance of caution, the Court appointed an attorney from the CJA panel to advise the defendant to determine whether a conflict existed that prevented the defendant from continuing with Mr. Martini as his counsel. The only reference on the docket sheet with regard to this motion was that the Court took it under advisement. The government submits that the record should be clarified with regard to this issue. If the defendant is satisfied with his counsel, the Court should deny the motion. If the Court determines that the defendant's letter raises a question in this regard, perhaps the Court should canvass the defendant once again to ensure that no conflict exists before finally resolving the motion to withdraw.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

/s/ Mark D. Rubino
MARK D. RUBINO
ASSISTANT UNITED STATES ATTORNEY
157 Church Street
New Haven, Connecticut 06510
Tel. (203) 821-3828
Federal Bar No. CT03496

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing sent via U.S. mail this 28th day of July 2006 to

Joseph Martini, Esq.
Pepe & Hazard
30 Jelliff Lane
Southport, Ct 06890

Sandra Hunt
U.S. Probation
New Haven, CT

/s/ Mark D, Rubino
MARK D. RUBINO
Assistant United States Attorney