UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | Case No. 3:02CR138(EBB) |
| v. | : | |
| | : | |
| DAVID WILSON | : | |
| _____/ | | |

### UNITED STATES' THIRD SUPPLEMENTAL MEMORANDUM REGARDING CRIMINAL FORFEITURE

The United States of America, by and through the undersigned Assistant United States Attorneys, hereby submits this third supplemental memorandum regarding forfeiture to further respond to the defendant's argument regarding the applicability of Rule 11 to these forfeiture proceedings.  As we set forth below, while it appears that it was error pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure to fail to advise the defendant that forfeiture was a possible consequence of his guilty plea, the error is harmless pursuant to Rule 11(h) and should therefore be disregarded by the Court.  Alternatively, should the Court find that the error was not harmless, the defendant should then be given the opportunity to withdraw his guilty plea.

    A.    <u>BACKGROUND</u>

In this case, the defendant was indicted by a federal grand jury with conspiring to possess with intent to distribute 1000 kilograms or more of marijuana.  The indictment also sought forfeiture of all the criminal proceeds of the charged offense, including but not limited to the sum of $715,000.  The case was scheduled to proceed to trial, however, on the morning of jury selection, the defendant agreed to plead guilty to the sole count in the indictment.  At that time,

the parties were unable to agree on the forfeiture aspect of the indictment or whether the defendant would be subject to a role enhancement, which would affect his ability to qualify for the safety valve. Consequently, prior to the defendant's change of plea, the parties agreed to attempt to resolve the matters of forfeiture and role in the offense at some later time after the change of plea hearing. As a result, there was no stipulation between the parties on the matter of forfeiture or role in the offense in the written plea agreement.

Since the guilty plea, the defendant and the government attempted to resolve the forfeiture issue by exchanging offers and counter-offers. After determining that the parties would be unable to reach an agreement, the government moved the Court to schedule a forfeiture hearing so the Court could rule on the matter. On June 21, 2006, the Court conducted a hearing, during which the government presented oral testimony and documentary evidence in support of its claim for a money judgment. Sentencing was then rescheduled for July 12, 2006.

On July 10, 2006, two days before sentencing, three years after pleading guilty, and after extensive negotiations with the government to resolve forfeiture, the defendant filed a motion for the first time claiming that the Court's failure to advise him regarding the potential for forfeiture constitutes a violation of his rights under Rule 11 of the Federal Rules of Criminal Procedure.

  B. <u>There was a Rule 11 Violation</u>

Since Rule 11 was amended in 2002, the district judge is required to advise a defendant who intends to plead guilty of all "applicable forfeiture." As stated above, the defendant in this case was not advised of any potential forfeiture because the parties carved forfeiture out of the plea agreement. While it is well-established that the failure to advise a defendant of applicable forfeiture during the guilty plea does not preclude the government from pursuing a separate civil

forfeiture action, *United States v. United States Currency in the Amount of $228,536.00*, 895 F.2d 908 (2d Cir. 1990) (civil forfeiture not a direct consequence of guilty plea), there are no cases addressing the impact on criminal forfeiture since Rule 11 was amended.

Nevertheless, the plain language of Rule 11 appears to require that the defendant be advised of the potential for forfeiture, regardless of his knowledge of the potential for forfeiture from sources other than the court's Rule 11 canvass.  Moreover, the cases dealing with Rule 11 violations generally appear to require strict adherence to the requirements of Rule 11(b), opting instead to evaluate the equities of the violation under the harmless error provision of Rule 11(h). Thus, on closer review, it appears that this Court must find that it was a Rule 11 violation to fail to advise defendant Wilson that forfeiture was a potential consequence of his guilty plea.

      C.      <u>The Rule 11 Violation Was Harmless Error</u>

Rule 11(h) is entitled "Harmless Error" and provides that: "[a]ny variance from the procedures required by this rule which does not affect substantial rights shall be disregarded." This phrase has been interpreted to mean that all Rule 11 violations are subject to harmless error review.  *See United States v. Vonn*, 535 U.S. 55, 71 (2002); *United States v. Basket,* 82 F.3d 44, 48 (2d Cir. 1996) (addition of Rule 11(h) intended to make clear that harmless error rule of Rule 52(a) was applicable to Rule 11); Advisory Committee Notes to Rule 11(h), (Subdivision (h) makes clear that the harmless error rule of Rule 52(a) is applicable to Rule 11).

What "harmless error" means in the Rule 11 context depends upon when the defendant makes the Rule 11 challenge.  When the error is raised for the first time on appeal and evaluated under the plain error standard, the Supreme Court has stated that a defendant who seeks reversal of his conviction after a guilty plea on a Rule 11 violation, must show "reasonable probability

that, but for the error, he would not have entered the plea." *United States v. Dominguez-Benitez*, 542 U.S. 74, 83 (2004). *See also United States v. Harrison*, 241 F.3d 289 (2d Cir. 2001) (defendant must show error had an affect on his decision to plead guilty). A defendant who seeks to collaterally attack his conviction faces an even tougher burden of demonstrating complete miscarriage of justice and prejudice. *See Lucas v. United States*, 963 F.2d 8 (2d Cir. 1992).

When the error is preserved, as in this case, there does not appear to be any specific formula that the district court must follow when determining whether the error was harmless, that is, whether it affected the defendant's substantial rights. Rather, the cases examine what the record demonstrates the defendant knew prior to entering his plea and the timeliness of his Rule 11 challenge.

For example, in *United States v. Basket*, 82 F.3d 44, 48 (2d Cir. 1996), the defendant sought to withdraw his guilty plea on appeal arguing that the district court failed to ensure that his plea was knowing and voluntary because he did not fully understand the circumstances under which the government was obligated to file a 5K1.1 motion based upon the defendant's anticipated cooperation. The Second Circuit found that the district court had committed error by not thoroughly explaining this respective obligations associated with cooperation, but ruled that it was harmless. 82 F.3d at 49. In doing so, the court of appeals was significantly persuaded by the two-year delay between when Basket was no longer confused and when he later attempted to withdraw his plea. In other words, the defendant could have moved to withdraw his plea and he failed to do so. *Id.*

In this case, like *Basket*, the delay in making the Rule 11 challenge is very telling, indicating that this is a form over substance challenge. First, the defendant was on notice that

forfeiture was a potential consequence from the indictment, which sought forfeiture in the sum of $715,000. At the arraignment, the defendant would have acknowledged receipt of the indictment.

Further, during plea negotiations, the government sought to include a forfeiture provision in the plea agreement, but the defendant objected to any amount of forfeiture. As a result, the defendant and the government agreed to carve forfeiture out of the plea agreement in this case. Assistant United States Attorney Robert Spector, who handled this case through the guilty plea stage, is prepared to testify that, so as not to hold up the plea which occurred on the morning of jury selection, he and present defense counsel agreed to carve forfeiture out of the plea agreement and attempt to resolve forfeiture at some later point.[1] Thus, there is a presumption at least that the defendant was made aware of the negotiations with the government.

Moreover, before the government filed its forfeiture motion to seek the Court's intervention, the parties exchanged offers in an attempt to resolve the forfeiture issue. The defendant never argued that he should not be required to pay any forfeiture because he believed that the government had abandoned its forfeiture claim.[2] And, then most recently the defendant allowed the Court to conduct a forfeiture hearing, where the defendant cross-examined the government's witness. The defendant challenged the government's right to a forfeiture money

---

[1] Plainly, it would have been preferable to have included this understanding in the plea agreement.

[2] The government would not ordinarily bring negotiations between the parties to the Court's attention. However, these negotiations are not specifically barred from the court's consideration under Rule 410 of the Federal Rules of Evidence. Rather, this evidence appears to be specifically excluded from the rule as it constitutes a statement that should be fairly considered contemporaneously with the defendant's position that he was not made aware of the potential for forfeiture. Fed. R. Evid. 410.

judgment and the amount to which the government would be entitled, but never challenged the government's right to seek forfeiture at this stage of the proceedings.  While the negotiations between the parties and the defendant's participation in the forfeiture hearing occurred after the defendant changed his plea, considered together with the agreement between counsel to carve forfeiture out of the plea agreement, it is certainly relevant to the defendant's actual state of mind at the time he entered the guilty plea.  Likewise, the three-year delay in making the Rule 11 challenge suggests not that the defendant was confused or unaware of the potential for forfeiture, but rather that he is merely seizing on a technical violation of Rule 11.

      In fact, the defendant's position is similar to the one pursued by the defendant in *United States v. Renaud*, 999 F.2d 622, 625 (2d Cir. 1999).  In *Renaud*, the district court erroneously advised the defendant at the change of plea hearing that he would be subject to a one-year period of supervised release,  but sentenced him to three years of supervised release.  The Second Circuit noted that it would not ordinarily find that such an error was harmless, assuming the defendant wished to withdraw his plea.  999 F.2d at 625.  However, the court of appeals reasoned that, because the defendant did not want to withdraw his plea, it cannot be said that the district court's error had any effect on Renaud's decision to plead guilty.  Under those circumstances, the court found that the error was harmless.

      In this case, defendant Wilson, like Renaud, does not wish to withdraw his guilty plea.  Thus, the defendant is acknowledging that the Rule 11 error did not have an impact on his decision to plead guilty and, therefore, could not have affected his substantial rights.

    D.    <u>The Remedy for a Rule 11 Violation is Withdrawal of the Guilty Plea</u>

As stated above, the defendant does not seek to withdraw his guilty plea. Rather, the defendant wishes to simply avoid the consequences of criminal forfeiture. The Second Circuit in *Renaud* clearly stated that the remedy for a Rule 11 violation is not specific performance of a contract. 999 F.2d at 625. Rather, the court stated that "when an error in giving information required by Rule 11 has been made, it is to be corrected by giving the defendant an opportunity to enter a new plea on the basis of the correct information." *Id.* Therefore, should the court find that the Rule 11 error in this case was not harmless, the defendant should be given the opportunity to withdraw his guilty plea.

<u>CONCLUSION</u>

For the foregoing reasons, the United States respectfully requests that this Court find that the Rule 11 error was harmless, and if not, the defendant should be given an opportunity to withdraw his guilty plea.

                        Respectfully submitted,

                        KEVIN J. O'CONNOR
                        UNITED STATES ATTORNEY


                         /s/
                        MARK D. RUBINO
                        ASSISTANT UNITED STATES ATTORNEY
                        157 Church Street
                        New Haven, Connecticut 06510
                        Tel. (203) 821-3828
                        Federal Bar No. CT03496

CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was sent via U.S. mail this 2nd day of August 2006 to

Joseph Martini, Esq.
Pepe & Hazard
30 Jelliff Lane
Southport, Ct 06890

Sandra Hunt
U.S. Probation
New Haven, CT

                                                              /s/
                                             MARK D. RUBINO
                                             Assistant United States Attorney