UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : NO. 3:02CR138(EBB) |
| DAVID WILSON | : |

### RULING RE. RULE 11 PROCEEDINGS

On April 3, 2003, immediately prior to a scheduled jury selection in this case, David Wilson entered a guilty plea to Count One of the indictment which charged him with conspiracy to possess with intent to distribute and to distribute one thousand kilograms or more of a mixture or substance containing a detectable amount of marijuana in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)(iii). The plea was entered pursuant to a plea agreement which contained no reference to the possibility of forfeiture being ordered, although the indictment itself contained a notice of the government's demand for forfeiture pursuant to 21 U.S.C. § 853.

In the court's canvass of the defendant pursuant to Rule 11 of the Federal Rules of Criminal Procedure the court did not inform the defendant that forfeiture was a possible penalty. This was error.

Subsequently sentencing was delayed pursuant to agreed-upon motions and ultimately an evidentiary hearing was held on June 21, 2006, from which the court was to determine the appropriate forfeiture amount. The government is seeking an order in the amount of $660,000.

On July 10, 2006, more than three years after entry of his guilty plea and nineteen days after the hearing, defendant raised for the first time [Doc. No. 149] his claim that Rule 11 was violated and therefore any order of forfeiture is precluded. The government has responded that "[p]rior to the defendant's change of plea, the parties agreed to attempt to resolve the matters of forfeiture and role in the offense at some time after the change of plea hearing," and that, subsequent to the plea, the parties attempted unsuccessfully "to resolve the forfeiture issue by exchanging offers and counter-offers."

Defense counsel's response does not deny these claims[1] but suggests that his discovery of the Rule 11 error was recent and that it would be highly prejudicial to defendant for the court to cure the error by offering him the opportunity to withdraw his guilty plea rather than declining to enter a forfeiture order.  There is no claim that defendant would not have entered a guilty plea if he had been informed by the court of the possibility of a forfeiture order and it is asserted that defendant does not want now to withdraw his guilty plea.

Under Rule 11(h) a variance from the requirements of the rule is harmless error if it does not affect substantial rights.  Given the government's claim, unrefuted in defense counsel's response, that the parties had agreed, prior to the plea, to attempt post plea to resolve the forfeiture issue and that there were such attempts post plea[2] and defendant's claim that, at the time of his plea, he understood the forfeiture issue to have been resolved, the court cannot be fully confident defendant was aware that a forfeiture order was a distinct possibility and that the error is harmless.

Having weighed the prejudice to both parties, the court finds the appropriate resolution is to offer the defendant the opportunity to withdraw his guilty plea and proceed to trial.  Accordingly, defendant shall notify the court, on or before November 8, 2006, whether he elects to withdraw his plea.  Absent such election, the court shall determine the forfeiture issue based on the evidence adduced at the June, 2006, hearing.

SO ORDERED.

_____
ELLEN BREE BURNS, SENIOR JUDGE
UNITED STATES DISTRICT COURT

Dated at New Haven, CT, this ___ day of October, 2006.

---

[1] In a letter to the court dated July 7, 2006, defendant claims that, prior to his plea he "was told not to worry about" forfeiture and the fact that "the forfeiture issue was resolved ... was a very significant inducement to me."

[2] The court is confident that defendant's experienced counsel, in accordance with his professional obligations, would have kept his client informed of any such agreement and attempts.