UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Crim. No.: 3:02CR138 (EBB) |
| v. | : | |
| DAVID WILSON, | : | January 11, 2007 |
| Defendant. | : | |

## AGREEMENT

David Wilson ("Wilson") and the United States Attorney's Office for the District of Connecticut (the "Government") hereby agree to resolve the Government's Demand for Forfeiture contained in the Indictment in the above-referenced criminal case as follows:

1. In the Notice of Government's Demand for Forfeiture ("Demand") contained in the Indictment, the Government seeks criminal forfeiture of all property constituting or derived from any proceeds Wilson obtained as a result of the violation alleged in Count One of the Indictment, including but not limited to the sum of $715,000. Wilson and the Government agree that to fully and finally resolve any and all criminal, civil or administrative forfeiture claims against Wilson in all respects, including the claim contained in the Demand, Wilson shall cause to be delivered to and received by the Government by January 11, 2007 a certified or cashier's check or checks in the total amount of $100,000 made payable to the "United States Marshals Service."

2. Wilson and the Government agree that this $100,000 payment also satisfies any obligation of Wilson to pay a fine pursuant to applicable federal law, including 21 U.S.C.

JWM/32195/2/80633v1
01/11/07-SPT/

§§ 841 and 846 and 18 U.S.C. § 3571. Wilson understands that this Agreement as to the fine is not binding on the Court. The Government, however, will not take a position contrary to this Agreement.

3. Wilson and the Government agree that the $100,000 payment will satisfy any liability that Wilson may have under any federal criminal and civil forfeiture laws, including 18 U.S.C. §§ 981-985, 21 U.S.C. §§ 853 and 881 and Rule 32.2 of the Federal Rules of Criminal Procedure, or under any administrative law or regulation, as a result of the offenses that give rise to the charges in this case.

4. Wilson and the Government specifically agree that the Government will not seek to forfeit in any criminal, civil or administrative proceeding, or cause the Government of Jamaica to seek to forfeit in any criminal, civil or administrative proceeding, Wilson's interest with respect to the property described as:

> "All that parcel of land part if Spring Valley Estate, now known as Spring Valley in the parish of Saint Mary, Jamaica, being the Lot numbered D on the plan of part of Spring Valley aforesaid deposited in the Office if Titles on the 20th day of August, 1986 of the shape and dimensions and butting as appears by the said plan and being all the land comprised in Certificate if Title registered at Volume 1206 Folio 791 of the Register Book of Titles"

located in Jamaica, West Indies (the "Jamaican property"). In connection with this Agreement, the Government agrees that, not later than 90 days from January 11, 2007, it will release, or cause to be released, any lien, attachment or any other encumbrance it has placed, or caused to be placed, on the Jamaican property, including any Order registering a foreign restraint order issued by any Court in Jamaica with respect to the Jamaican property. Wilson and the Government agree, however, that the appropriate court in

Jamaica will be immediately notified of the existence of this Agreement, and that a copy of this Agreement will be provided to that court before February 1, 2007.

5. Wilson and the Government further agree that if the Government obtains any interest in the Jamaican property (as a result of civil, criminal or administrative forfeiture proceedings affecting the present co-owner of the Jamaican property or any other person or entity), it will offer to Wilson the option to buy its interest in the Jamaican property before it offers its interest to any other third party and before it takes any steps to force a sale of any or all of the Jamaican Property, and that any such offer to Wilson will be reasonable and based on the fair market value of its interest in the Jamaican Property. In the event that Wilson and the Government are unable to reach an agreement on the sale to Wilson of the Government's interest in the Jamaican Property, and the Government takes steps to force a sale of all of the Jamaican Property, Wilson and the Government agree

that if such a sale occurs Wilson shall receive payment from the proceeds of such sale representing the fair market value of his interest in the Jamaican Property.

New Haven, Connecticut

January 11, 2007

*David Wilson*
David Wilson

*Joseph W. Martini*
Joseph W. Martini (ct 07225)
Attorney for David Wilson
Pepe & Hazard LLP
30 Jelliff Lane
Southport, CT 06890
Phone: (203) 319-4000
Fax:    (203) 259-0251
jmartini@pepehazard.com

*Mark D. Rubino*
Mark D. Rubino
Attorney for the Government
Office of the United States Attorney
157 Church Street, 23rd Floor
New Haven, CT 06510
Phone: (203) 821-3700
Fax:    (203) 773-5376
Mark.Rubino@usdoj.gov